■ GREGORY F. COCCETTI, Respondent-Appellant, v LOUISE COCCETTI, Appellant-Respondent. [654 NYS2d 620] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered March 15, 1994, which, *inter alia,* failed to award her counsel fees and awarded her maintenance of only $200 per week for only six years, and the plaintiff husband cross-appeals, as limited by his brief, from so much of the same judgment as, in effect, denied equitable distribution of the wife's pension.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which, in effect, denied equitable distribution of the wife's pension; as so modified the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Domestic Relations Law § 236 (B) (5) requires the court to determine the rights of the parties in marital property and to provide for the disposition of such property in the final judgment. Here, the Judicial Hearing Officer (hereinafter JHO) failed to specifically address the wife's pension or provide for its disposition in the judgment. Therefore, we remit the matter to the JHO to consider the wife's pension and account for it in his decision *(see,* Domestic Relations Law § 236 [B] [5] [g]).

The trial court did not improvidently exercise its discretion in denying counsel fees to the wife *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *O'Brien v O'Brien,* 66 NY2d 576; *Spier v Spier,* 228 AD2d 661).

We have examined the wife's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.