■ RUTH B. DeNAPOLI, Appellant, v THOMAS L. DeNAPOLI, Respondent. [722 NYS2d 747] —In an action for a divorce and ancillary relief, the plaintiff appeals, on the ground of inadequacy, from stated portions of a judgment of the Supreme Court, Nassau County (Dunne, J.), entered October 15, 1998, which, *inter alia,* only awarded her child support in the sum of $2,920 per month, maintenance in the sum of $1,000 per month for a period of five years, and 40% of the value of the defendant's business.

Ordered that the judgment is modified by (1) deleting the provision thereof awarding the plaintiff maintenance in the sum of $1,000 per month for a period of five years and substituting therefor a provision awarding her maintenance in the sum of $2,000 per month for a period of seven years, (2)

adding a provision thereto directing the defendant to maintain a life insurance policy for the benefit of the plaintiff until payment of the distributive award and spousal maintenance is completed, and (3) adding a provision thereto directing the defendant to pay interest at the statutory rate on that portion of the distributive award which was to be paid out in installments; as so modified, the judgment is affirmed, without costs or disbursements.

An award of maintenance should be tailored to provide an incentive to the recipient to become financially independent (*see, Granade-Bastuck v Bastuck,* 249 AD2d 444). However, unrealistic assumptions should not be made regarding the ability of a nonworking spouse in a long-term marriage to become self-supporting (*see, Sass v Sass,* 276 AD2d 42), and due consideration should be given to the "marital standard of living" in making the maintenance award (*Sass v Sass, supra*). Considering all of the circumstances, an award of $2,000 per month for seven years is appropriate, rather than $1,000 per month for five years.

In view of the defendant's substantial interest in a successful business which was in large part unencumbered by debt, we find that the plaintiff should receive an award of interest on that portion of the distributive award which was to be paid out in installments (*see, Verdrager v Verdrager,* 230 AD2d 786; *Morton v Morton,* 130 AD2d 558).

The Supreme Court erred in failing to direct the defendant to obtain and maintain a life insurance policy on his life for the benefit of the plaintiff to secure his obligation to pay the maintenance and distributive award (*see, Miness v Miness,* 229 AD2d 520; *Nolfo v Nolfo,* 188 AD2d 451).

The appellant's remaining contentions are without merit. Bracken, P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.