■ SHAO YUN LIU, Appellant, v MING JIN CHEN, Respondent. [802 NYS2d 498]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered March 17, 2004, which, after a nonjury trial, inter alia, (1)

awarded the defendant the sum of $127,500, representing 50% of the value of the plaintiff's enhanced earning capacity due to her acquisition of a license to practice acupuncture, (2) valued AC500, Inc., the parties' acupuncture and herbology practice, at $220,000, (3) determined that the valuation date of certain investment accounts, which were marital property, was the trial commencement date, August 29, 2002, (4) failed to determine the respective rights of the parties concerning those investment accounts, (5) awarded the defendant the sum of $372,250 for equitable distribution, payable in four annual installments, plus interest, and secured by giving the defendant a mortgage of her interest in the marital premises, and (6) awarded the defendant the sum of $10,849.75 for counsel fees and expenses.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by (1) deleting the fourth decretal paragraph thereof awarding the defendant the sum of $127,500, representing 50% of the plaintiff's enhanced earning capacity, (2) deleting the sixth decretal paragraph thereof awarding the defendant the sum of $372,250 for equitable distribution, payable in four equal annual installments, plus interest, and (3) deleting the seventh decretal paragraph thereof directing that the plaintiff secure payment of the equitable distribution award by giving the defendant a mortgage on the marital premises; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff correctly argues that, in determining the value of her enhanced earning capacity resulting from the acupuncture license, the Supreme Court improperly relied on the valuation of the expert retained by the defendant. The expert testified that his estimate of the plaintiff's earnings was based on the earnings of AC500, Inc., the company which operated the parties' acupuncture and herbology practice (hereinafter the company) for the year 2000. The expert, however, erroneously assumed that the company was operated solely by the plaintiff, and had no knowledge of the defendant's role in contributing to the company's earnings. While the plaintiff claimed that the defendant's contributions to the practice that year through his provision of herbology services constituted about 20% of those earnings, the defendant testified that his herbology practice accounted for only 1% of the company's revenue. Nevertheless, the defendant conceded that, in 2000, he worked full-time for the company, six days a week, alongside the plaintiff. Accordingly, it is clear that the expert's valuation was based on incor-

rect assumptions, and should not have been relied upon in determining the plaintiff's enhanced earning capacity. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a new determination of that issue.

Moreover, the Supreme Court improvidently exercised its discretion in determining the marital portion of the plaintiff's acupuncture license. As the defendant concedes, to meet the admission requirements for the acupuncture licensing exam, the plaintiff was required, inter alia, to establish that she received three years of prior training. The parties were married in China on November 29, 1990 and emigrated to the United States on or about September 27, 1991. The plaintiff qualified for and passed the New York State acupuncture licensing exam in 1992 based, among other things, on documentary evidence that she had received three years of training in China between January 1988 and April 1991. Thereafter, she received a limited permit to practice acupuncture in December 1992 and a full license in April 1995. It is undisputed that, at all times prior to receiving her license, the plaintiff worked outside the home and helped to support the family.

In light of the above circumstances, the court's decision to apply a 100% coverture factor in determining the marital portion of the acupuncture license lacks proper support in the record. The defendant claims that, after the marriage, he paid for three months of acupuncture training for the plaintiff in China, from May 1991 through August 1991, before the couple moved to the United States. He also claims that he paid the filing fee for the exam, assisted the plaintiff in studying for it, and drove her to the test center. While the record does contain evidence supporting a finding that some portion of the license constitutes marital property subject to equitable distribution (*see McSparron v McSparron*, 87 NY2d 275 [1995]), the evidence does not justify the court's use of a coverture factor of 100% (*see Holterman v Holterman*, 3 NY3d 1, 7 n 2 [2004]). We note that the defendant's claim that the academic documents submitted by the plaintiff in support of her application for the license were fraudulent does not advance his claim for equitable distribution; to the contrary, such evidence, if true, could only serve to establish that the license was issued under false pretenses and, therefore, has no present value as a future source of earnings. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination of the marital portion of the acupuncture license.

The Supreme Court providently exercised its discretion in using August 29, 2002, the trial commencement date as the valuation date of the parties' investment accounts (*see Harrington v*

*Harrington,* 300 AD2d 861, 864 [2002]; *Barbuto v Barbuto,* 286 AD2d 741, 744 [2001]). However, in awarding equal shares of the accounts to each party, the court erred in failing to determine the values of those accounts as of that date (*see* Domestic Relations Law § 236 [B] [5] [a]; *Coccetti v Coccetti,* 236 AD2d 506 [1997]). Therefore, upon remittal, the Supreme Court should determine the values of those accounts as of August 29, 2002.

As the plaintiff correctly contends, the record does not support the Supreme Court's finding that she earns in excess of $180,000 annually. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a new determination as to her annual earnings and as to whether, taking those earnings into account, the court's direction that she pay the equitable distribution award in four annual installments, plus interest, and give the defendant a mortgage on the marital premises to secure those payments, was appropriate under the circumstances.

In light of our determination, upon remittal, the Supreme Court should also consider anew whether an award of maintenance, as requested by the defendant at trial, should be made in light of all relevant circumstances, including any revision of the equitable distribution owed or the determination of the plaintiff's annual earnings as of the date of the original trial.

The plaintiff's remaining contentions are without merit. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.