JOHN PACHOMSKI, Respondent, v KAREN M. PACHOMSKI, Appellant. [822 NYS2d 92]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 15, 2005, as awarded the plaintiff the principal sum of $80,082.35, representing 50% of the defendant's enhanced earnings capacity as a licensed teacher, permitted the plaintiff to claim federal and state tax dependency exemptions for the parties' older child in odd years

and their younger child in even years, and awarded the plaintiff credits in the sums of $1,200 for past rental income and $400 per month for future rental income beginning in November 2002 from an apartment in the marital residence.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the 16th decretal paragraph thereof awarding the plaintiff the sum of $80,082.35, representing 50% of the defendant's enhanced earnings capacity and (2) deleting the 21st decretal paragraph thereof awarding the plaintiff credits in the sums of $1,200 for past rental income and $400 per month for future rental income beginning in November 2002 and substituting therefor a provision awarding the plaintiff a credit of $400 per month for future rental income beginning in November 2002 only for those months that the apartment is rented until such time that the marital residence is sold; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The Supreme Court improvidently exercised its discretion in determining the marital portion of the defendant's teaching license. As the plaintiff concedes, to meet licensing requirements, the defendant was required, inter alia, to obtain a bachelor's degree and several additional teaching credits. When the parties were married in 1985, the defendant had already received her college degree. During the marriage, she completed the additional classes required for licensure and in 1998 she became licensed. In light of these circumstances, the court's decision to apply a 100% coverture factor in determining the marital portion of the teaching license is without proper support in the record. While the record does contain evidence to support a finding that some portion of the license constitutes marital property subject to equitable distribution since the plaintiff contributed both in economic and noneconomic terms to the defendant's attainment of the license (*see McSparron v McSparron,* 87 NY2d 275 [1995]), the evidence does not justify the court's use of a coverture factor of 100% (*see Holterman v Holterman,* 3 NY3d 1, 7 n 2 [2004]; *Shao Yun Liu v Ming Jin Chen,* 22 AD3d 555 [2005]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination of the marital portion of the teaching license.

Furthermore, the parties stipulated to allow the defendant to retain the past rental income from an apartment in the marital residence as payment for repairs made to the marital residence. The court erred in awarding the plaintiff the sum of $1,200 of

the past rental income rather than honoring the parties' stipulation (*see generally Wilson v Neppell,* 253 AD2d 493 [1998]; *Torsiello v Torsiello,* 188 AD2d 523 [1992]). Also, the court should have awarded the plaintiff a monthly $400 credit for future rental income only for those months the apartment in the marital residence is rented until such time that the marital residence is sold.

Contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff was entitled to claim federal and state tax dependency exemptions for the parties' older child in odd years and their younger child in even years. Where a noncustodial parent meets all or a substantial part of a child's financial needs, a court may determine that the noncustodial parent is entitled to declare the child as a dependent (*see Popelaski v Popelaski,* 22 AD3d 735 [2005]; *Junkins v Junkins,* 238 AD2d 480 [1997]; *Burns v Burns,* 193 AD2d 1104 [1993], *mod* 84 NY2d 369 [1994]). Here, both parents are wage earners, and each contribute toward the support of their two children. Accordingly, under the circumstances of this case, the plaintiff may claim their older child in odd years and their younger child in even years, while the defendant may claim their older child as a dependent in even years and their younger child in odd years (*see Popelaski v Popelaski, supra; Junkins v Junkins, supra*).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.