■ MARC B. GRUMET, Appellant, v VIRGINIA M.T. GRUMET, Respondent. [829 NYS2d 682]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Gartenstein, J.H.O.), entered April 11, 2006, as directed him to pay the defendant wife nondurational maintenance in the sum of $16,000 per month, nontaxable to her, retroactive to September 13, 2002, and directed him to pay her attorney and expert fees in the total sum of $260,636.48.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the wife nondurational maintenance in the sum of

$16,000 per month, nontaxable to the wife, retroactive to September 13, 2002, and substituting therefor a provision awarding the wife nondurational maintenance in the sum of $9,000 per month, taxable to the wife, without any retroactivity, and (2) by deleting the provision thereof directing the husband to pay the wife attorney and expert fees in the total sum of $260,636.48 and substituting therefor a provision directing the husband to pay the wife attorney and expert fees in the total sum of $130,318.24; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant.

Prior to the trial of this action, the parties entered into a stipulation of settlement dated September 21, 2004, which resolved all financial issues except maintenance, counsel fees, expert fees, and medical and life insurance. On January 13, 2005, the parties entered a separate stipulation which contained a provision stating, in effect, that the husband was able to pay any award of maintenance to the wife which, among other things, was consistent with the standard of living the parties enjoyed during the marriage. A trial on the remaining financial issues was held and, based upon the trial court's memorandum decision, a judgment of divorce was entered.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined based on its own unique facts (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hathaway v Hathaway,* 16 AD3d 458, 460 [2005]; *Fridman v Fridman,* 301 AD2d 567 [2003]). Although the trial court is required to consider the parties' preseparation standard of living in determining the appropriate amount and duration of maintenance (*see Hartog v Hartog,* 85 NY2d 36 [1995]), the court must also consider the reasonable needs of the recipient spouse and the preseparation standard of living in the context of the other factors (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog, supra* at 52; *Palumbo v Palumbo,* 10 AD3d 680, 681 [2004]).

Here, the trial court improvidently exercised its discretion in fixing the amount of maintenance awarded to the wife. The court focused almost exclusively on the husband's income and assets to the exclusion of all other factors. In so doing, the court failed to take into account the large distributive award the wife will receive, her substantial assets, and her ability to become self-supporting. In addition, the court failed to consider the wife's reasonable needs. Indeed, the wife's second statement of net worth listed monthly expenses of only $13,500.36 for two people. In fashioning the maintenance award, it appears that the court relied in large part upon the husband's representation

contained in the January 13, 2005, stipulation that he was capable of meeting any award of maintenance made by the court. However, that stipulation also specifically provided that the award should take into account the applicable statutory and case-law criteria, including, but not limited to, the wife's ability to contribute to her own support and maintenance (see Domestic Relations Law § 236 [B] [6] [a]). Despite the clear and unambiguous language of the January 13, 2005, stipulation, the court failed to consider the reasonable needs of the wife and the preseparation standard of living in the context of the other statutory factors.

Moreover, the award of nondurational maintenance should have been made taxable to the wife and tax deductible for the husband (see Markopoulos v Markopoulos, 274 AD2d 457, 459 [2000]). The decision of the court failed to set forth any rationale for a departure from the norm envisioned by current Internal Revenue Code provisions.

The trial court's award of nondurational maintenance, retroactive to September 13, 2002, was also an improvident exercise of discretion. The wife never requested any pendente lite relief and, as noted by the trial court, the husband adequately provided for the wife's needs as well as for the needs of the parties' late child during the entire pendency of this litigation. Under these circumstances, it does not appear that the parties contemplated a retroactive award of maintenance (see Lobotsky v Lobotsky, 122 AD2d 253, 255 [1986]). Accordingly, the award of retroactive maintenance was inappropriate, particularly where, as here, the husband was deprived of his ability to establish his entitlement to potential offsets.

In view of the foregoing, we reduce the award of nondurational maintenance to the sum of $9,000 per month, a sum which, when included with the wife's other potential sources of income, to wit, investments and potential future employment, equals if not exceeds her proven reasonable monthly expenses, in the context of the marital standard of living.

The trial court improvidently exercised its discretion in awarding the wife the total sum of $260,636.48 in attorney and expert fees, which was the full amount of such expenses allegedly incurred by the wife. An appropriate award of attorney's fees should take into account the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fees under all of the circumstances (see Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]; Matter of Israel v Israel, 273 AD2d 385 [2000]). The record reveals that the wife will receive a large distributive

award and that she possesses substantial assets which are sufficient to enable her to pay a significant portion of her litigation expenses. Since the wife has more than sufficient resources to pay one half of the litigation expenses, we reduce the award to the total sum of $130,318.24.

The husband's remaining contentions are without merit or have been rendered academic. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.