■ JODI CHARLES, Appellant-Respondent, v SCOTT CHARLES, Respondent-Appellant. [861 NYS2d 135]—

In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered June 22, 2006, which, upon a decision of the same court dated February 2, 2006, made after a nonjury trial, inter alia, directed the immediate sale of the marital residence, and the defendant cross-appeals from stated portions of the same judgment, which, among other things, awarded the plaintiff lifetime maintenance.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding to the 6th decretal paragraph thereof provisions directing the defendant to pay the college expenses for each of the parties' children until each child reaches the age of 21, and directing that the defendant shall receive a credit toward his child support obligation during any period the children attend school away from home, (2) by deleting the 14th decretal paragraph thereof directing the defendant to pay spousal maintenance on the 1st and 15th of each month in equal payments of $5,769.23, (3) by deleting from the 15th decretal paragraph thereof the provision directing the defendant to pay maintenance for the duration of the plaintiff's lifetime and substituting therefor a provision directing the defendant to pay maintenance in the sum of $12,500 per month for a period of 15 years, (4) by deleting from the 18th decretal paragraph thereof the provision awarding the plaintiff 15% of the value of the defendant's partnership interest and substituting therefor a provision awarding the plaintiff 20% of the value of the defendant's partnership interest to be paid in six annual payments of $100,000, with the first payment to be made within 5 days of the entry of judgment and thereafter on the anniversary of such date in each of the succeeding 5 years,

with interest to accrue on the unpaid balance at the rate of 6% per annum, (5) by deleting from the 18th decretal paragraph thereof items (i), (ii), and (iii), and substituting therefor provisions stating (i) the defendant's share of the proceeds shall be reduced by the sum of $104,000 for pendente lite arrears owed by the defendant, (ii) the plaintiff's share of the proceeds shall be reduced by one half of the total of the defendant's payments of principal on the mortgage for the marital residence, and (iii) the plaintiff's share of the proceeds shall be reduced by the sum of $19,000 for the overdraft repaid by the defendant, and (6) by adding a provision thereto directing the defendant to maintain a life insurance policy for the benefit of the plaintiff in an amount not less than $1,500,000 during years 1 through 5 of his maintenance obligation, and thereafter, during years 6 through 10, the defendant shall maintain said policy in the amount of not less than $750,000, and during years 11 through 15 in an amount not less than $500,000 as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The Supreme Court's award of lifetime maintenance to the wife was an improvident exercise of discretion. In view of the wife's age, the sizable distributive award she received, and her equal share of the husband's retirement benefits, the award of lifetime maintenance was inappropriate (*see Genatowski v Genatowski*, 43 AD3d 1105 [2007]; *Cuozzo v Cuozzo*, 2 AD3d 665 [2003]; *Klein v Klein*, 296 AD2d 533 [2002]). Accordingly, we find that an award of $12,500 per month in maintenance for a period of 15 years is appropriate under the circumstances of this case.

We agree with the plaintiff's contention that the Supreme Court should have directed the defendant to maintain life insurance in her favor to secure his maintenance obligation and the distribution of the plaintiff's share of the value of the defendant's partnership interest (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog*, 85 NY2d 36 [1995]; *DeNapoli v DeNapoli*, 282 AD2d 494 [2001]; *Miness v Miness*, 229 AD2d 520 [1996]).

We note that the judgment appealed from did not contain a provision directing the husband to pay for the college expenses of the children. In the decision upon which the judgment was based, the Supreme Court stated that "the [husband's] income is more than adequate to pay for [the childrens'] college educations." The Supreme Court also found that the husband should receive a credit against his child support obligation during any period the children attended school away from home. In this

regard, the husband conceded at oral argument that where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls, and such an inconsistency may be corrected on appeal (see *Green v Morris*, 156 AD2d 331 [1989]). Therefore, we have modified the judgment accordingly.

Under the circumstances of this case, the plaintiff is entitled to 20% of the value of the defendant's partnership interest. In addition, the defendant's share of the net proceeds realized upon the sale of the marital residence must be reduced as set forth in the decretal paragraph of this decision and order.

The parties' remaining contentions are either without merit, unpreserved for appellate review, or not properly before this Court. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.