■ WENDY BARON, Appellant, v STEPHEN A. BARON, Respondent. [897 NYS2d 456]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Ross, J.), entered September 11, 2008, which, upon a decision of the same court (Jonas, J.), dated November 21, 2006, made after a nonjury trial, and upon an order of the same court dated December 8, 2006, awarded her only a 20% share of the defendant's company, awarded her maintenance in the amount of only $5,769.23 per week for a period of only 10 years, taxable to her, retroactive to the date of commencement of the action, failed to award her pendente lite maintenance arrears, awarded her a distributive award in the sum of only $4,566,857.90 with statutory interest from the date of entry of the judgment, to be paid by the defendant in installments of $450,000 per year for a period of 10 years and the remaining balance to be paid in the eleventh year, failed to direct the defendant to maintain a life insurance policy for her benefit, and directed that each party be responsible for their respective counsel and expert fees.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance in the amount of $5,769 per week for a period of 10 years, taxable to her, retroactive to the date of commencement of the action and substituting therefor a provision awarding her maintenance in the amount $5,769 per week, taxable to her, until the first of either her remarriage, her attainment of age 66, or her death, (2) by deleting the provision thereof directing that each party be responsible for their respective counsel and expert fees and substituting therefor a provision directing the defendant to pay the plaintiff's counsel fees in the sum of $125,000 and expert fees in the sum

of $50,000, (3) by deleting the provision thereof awarding the plaintiff statutory interest on the distributive award in the sum of $4,566,857.90 only from the date of entry of the judgment, and substituting therefor a provision awarding the plaintiff statutory interest on the distributive award in the sum of $4,566,857.90 from June 30, 2002, and (4) by adding thereto a provision directing the defendant to maintain a life insurance policy for the benefit of the plaintiff until payment of the distributive award and maintenance is completed in an amount sufficient to secure the amounts of the distributive award and the maintenance obligation; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the order dated December 8, 2006, is modified accordingly.

Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in awarding the plaintiff a 20% share of the defendant's company. "Although in a marriage of long duration, where both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible . . . there is no requirement that the distribution of each item of marital property be made on an equal basis" (*Griggs v Griggs*, 44 AD3d 710, 713 [2007], quoting *Chalif v Chalif*, 298 AD2d 348, 349 [2002]). Here, the 20% share takes into account the plaintiff's minimal direct and indirect involvement in the defendant's company, while not ignoring her contributions as the primary caretaker for the parties' children, which allowed the defendant to focus on his business (*see Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2003]; *Wagner v Dunetz*, 299 AD2d 347, 349 [2002]; *Chalif v Chalif*, 298 AD2d at 349; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 445 [1998]).

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see Grumet v Grumet*, 37 AD3d 534, 535 [2007]). The court must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the pre-divorce standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance (*see Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]; *Griggs v Griggs*, 44 AD3d at 711-712). The plaintiff's contentions that the Supreme Court should have awarded her nondurational maintenance and that the

award should have been nontaxable to her are without merit. Due to her sizable distributive award, a lifetime maintenance award was not warranted (*see Charles v Charles*, 53 AD3d 468, 469 [2008]; *Genatowski v Genatowski*, 43 AD3d 1105, 1106 [2007]). It was also appropriate for the maintenance award to be taxable to the plaintiff (*see Markopoulos v Markopoulos*, 274 AD2d 457, 459 [2000]). However, in light of the parties' ages and their lifestyle during the marriage, as well as their financial circumstances, the Supreme Court should have awarded the plaintiff maintenance until the plaintiff becomes eligible for full Social Security benefits at the age of 66, remarries, or dies (*see Hamroff v Hamroff*, 35 AD3d 365, 366 [2006]; *Penna v Penna*, 29 AD3d 970, 972 [2006]; *Taylor v Taylor*, 300 AD2d 298, 299 [2002]).

The Supreme Court should have directed the defendant to maintain life insurance in the plaintiff's favor to secure his maintenance obligation and the distribution of the plaintiff's share of the value of his business (*see* Domestic Relations Law § 236 [B] [8] [a]; *Charles v Charles*, 53 AD3d 468, 469 [2008]; *Kaplan v Kaplan*, 51 AD3d 635, 637 [2008]; *Comstock v Comstock*, 1 AD3d 307, 308 [2003]).

The determination of what constitutes reasonable counsel fees is within the court's discretion (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Stadok v Stadok*, 25 AD3d 547 [2006]; *Herzog v Herzog*, 18 AD3d 707, 709 [2005]). In its determination of an attorney's fee application, the trial court must consider the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see Matter of Brink v Brink*, 55 AD3d 601, 602 [2008]; *Kaplan v Kaplan*, 51 AD3d at 637; *Grumet v Grumet*, 37 AD3d at 536-537; *Ventimiglia v Ventimiglia*, 36 AD3d 899 [2007]). The Supreme Court improvidently exercised its discretion by declining to award attorney and expert fees to the plaintiff. The Supreme Court focused exclusively upon the size of her equitable distribution and maintenance awards to the exclusion of other factors. Specifically, the Supreme Court failed to consider the defendant's obstructionist and deceptive tactics which prolonged the litigation. These tactics, which included his failures to provide full and timely disclosure that impeded a determination of the valuation of his business and his finances, and failures to appear for his own deposition and for a preliminary conference, were noted with disapproval by the court. The defendant's lack of cooperation led to the Supreme Court appointing a referee to supervise discovery. He also prolonged the trial by attempting to convince

the Supreme Court through his testimony that he had transferred 49% of his business to a third party despite being unable to produce any original documentary evidence of such an agreement. Therefore, in consideration of all the relevant factors, including the defendant's misconduct and the financial circumstances of the parties, the plaintiff should be awarded the sum of $125,000 as an attorney's fee and the sum of $50,000 as an expert fee, which is one half of the fees sought (*see Grumet v Grumet*, 37 AD3d at 536-537).

The plaintiff also should have been awarded prejudgment interest on the distributive award of $4,566,858. Here, the marital assets were valued as of June 30, 2002, and the plaintiff is entitled to interest from that date (*see Selinger v Selinger*, 232 AD2d 471, 473 [1996]; *Litman v Litman*, 280 AD2d 520, 523 [2001]). Additionally, an award of prejudgment interest is appropriate where, as here, the defendant, in failing to provide certain financial documents and falsely claiming to have transferred 49% of his business to a third party, attempted to conceal the valuation of the business and prolonged the litigation (*see Lipsky v Lipsky*, 276 AD2d 753, 754 [2000]).

The plaintiff's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.