■ ROBERT A. MICELI, Respondent, v JO ANN MICELI, Appellant. [911 NYS2d 473]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered April 9, 2009, which, upon an order of the same court dated June 23, 2008, denying her motion for an award of an attorney's fee, and upon a decision of the same court entered September 15, 2008, made after a nonjury trial, inter alia, directed that the parties were responsible for their respective attorney's fees, determined that the plaintiff's life insurance policy with New York Life was separate property of the plaintiff, awarded the plaintiff 50% of her "North Fork savings account,"

awarded the plaintiff 100% of the remainder of the proceeds of a settlement of the parties' personal injury action, being held in escrow by the plaintiff's counsel, directed the plaintiff to pay her maintenance in the sum of only $125 per month from April 9, 2009, until the defendant reaches the age of 65, and failed to direct the plaintiff to maintain life insurance for her benefit.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof determining that the plaintiff's life insurance policy with New York Life was separate property of the plaintiff, and substituting therefor a provision determining that the policy is marital property and awarding the defendant 50% of the cash surrender value thereof, representing her distributive share, (2) by deleting the provision thereof awarding the plaintiff 50% of the defendant's "North Fork savings account" and substituting therefor a provision determining that the account is the separate property of the defendant, (3) by deleting the provision thereof awarding the plaintiff 100% of the remainder of the proceeds, as held in escrow by the plaintiff's counsel, of a settlement of the parties' personal injury action, and substituting therefor a provision awarding the plaintiff 60%, and the defendant 40%, respectively, of the remainder of the proceeds of the settlement, (4) by deleting the provision thereof directing the plaintiff to pay maintenance to the defendant in the sum of $125 per month from April 9, 2009, until the defendant reaches the age of 65, and substituting therefor a provision directing the plaintiff to pay maintenance to the defendant in the sum of $500 per month, until the defendant reaches the age of 65, which award shall be retroactive to May 28, 2004, and such retroactive maintenance shall be paid in monthly installments of $150, until paid in full, and (5) by adding thereto provisions directing the plaintiff to (a) name the defendant as a beneficiary of 50% of the value of the life insurance policy he holds through his employer, (b) continue his life insurance policy with New York Life, or in the event that policy has been terminated, to purchase a whole or term life insurance policy with a face value of $50,000, and to name the defendant as the beneficiary of that policy, with the proviso that he shall not borrow against, or otherwise encumber, that policy, and (c) provide the defendant with certificates of insurance for the aforementioned polices; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter.

In reviewing a determination made after a nonjury trial, this

Court's power "is as broad as that of the trial court . . . and . . . as to a bench trial it may render the judgment it finds warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Heiny v Heiny*, 74 AD3d 1284, 1286-1287 [2010]).

The Supreme Court's determination that the plaintiff's whole life insurance policy with New York Life, which had a face value of $50,000, was his separate property, is unsupported by the record, since there was no evidence that the policy was not purchased with marital funds (*see* Domestic Relations Law § 236 [B] [1] [c], [d] [1]). Accordingly, that asset is marital property, and the defendant is entitled to a 50% distributive award of that asset (*see Dougherty v Dougherty*, 256 AD2d 714, 715 [1998]).

The Supreme Court erred in awarding the plaintiff 50% of the defendant's "North Fork savings account," as that account comprises the defendant's Workers' Compensation and Social Security disability benefits, which are her separate property and are not subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [d] [2]; *Masella v Masella*, 67 AD3d 749, 750 [2009]; *Fleitz v Fleitz*, 200 AD2d 874, 875 [1994]; *see generally Dolan v Dolan*, 78 NY2d 463, 466 [1991]).

A settlement award emanating from a personal injury action commenced by the parties is partially separate property of the plaintiff and partially separate property of the defendant because both parties were named plaintiffs in the personal injury action at issue (*see Richmond v Richmond*, 144 AD2d 549, 551 [1988]). The Supreme Court improvidently exercised its discretion in allocating 100% of the settlement proceeds to the plaintiff's claim in the personal injury action, and, thus, in awarding the remainder of the proceeds of that settlement, which were held in escrow by the plaintiff's counsel, to the plaintiff. Based upon the relevant evidence regarding the personal injury action, the plaintiff is entitled to 60%, and the defendant is entitled to 40%, respectively, of the remainder of the proceeds of the settlement.

In determining the amount of maintenance, the Supreme Court failed to address the parties' predivorce standard of living, and did not adequately take account of the defendant's disability insofar as it detrimentally affects her ability to become self-supporting. Based on this record, the amount of the plaintiff's maintenance obligation should be increased from the sum of $125 per month to the sum of $500 per month.

The Supreme Court also erred in determining that the maintenance award was effective as of April 9, 2009. An award of

maintenance is effective as of the date of application therefor (*see* Domestic Relations Law § 236 [B] [6] [a]; *Kilkenny v Kilkenny*, 54 AD3d 816, 821 [2008]; *Schiffer v Schiffer*, 21 AD3d 889, 890 [2005]). Thus, here, contrary to the plaintiff's contention, his maintenance obligation should have been effective retroactive to May 28, 2004, the date of the defendant's application for maintenance, and the plaintiff is directed to pay such retroactive maintenance in monthly installments of $150 until paid in full (*see* Domestic Relations Law § 236 [B] [6] [a]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for calculation of the amount of retroactive maintenance due, and the entry of an appropriate amended judgment thereafter.

As the defendant contends, it is appropriate in this case to require the plaintiff to maintain life insurance on her behalf in order to secure his maintenance obligation (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hartog v Hartog*, 85 NY2d 36, 50 [1995]; *Charles v Charles*, 53 AD3d 468, 469 [2008]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Austin and Sgroi, JJ., concur.