██ JENNIFER HAAGEN-ISLAMI, Appellant, v ENVER ISLAMI, Respondent. [946 NYS2d 889]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of (1) a decision of the Supreme Court, Suffolk County (Kent, J.), dated June 11, 2010, and (2) a judgment of the same court dated December 15, 2010, which, upon the decision, made after a nonjury trial, inter alia, imputed an annual income to the defendant of only $75,000 for the purpose of calculating child support and declined to award her maintenance.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Griggs v Griggs, 44 AD3d 710, 711 [2007] [internal quotation marks omitted]; see Giokas v Giokas, 73 AD3d 688, 688-689 [2010]; Baron v Baron, 71 AD3d 807, 809 [2010]; Meccariello v Meccariello, 46 AD3d 640, 641 [2007]). " 'The court may order maintenance in such amount as justice requires, considering, inter alia, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance' " (Scher v Scher, 91 AD3d 842, 847 [2012], quoting Kret v Kret, 222 AD2d 412, 412 [1995]; see Domestic Relations Law § 236 [B] [6] [a]; Giokas v Giokas, 73 AD3d at 689; Baron v Baron, 71 AD3d at 809). Maintenance is designed to give the nonmonied spouse economic independence and should continue only as long as is required to render the recipient self-supporting (see O'Brien v O'Brien, 88 AD3d 775, 778 [2011]; Giokas v Giokas, 73 AD3d at 689; Griggs v Griggs, 44

AD3d at 712). Here, considering the distributive award, the parties' respective financial circumstances, their present and future earning capacities, and the fact that they had been living separate lives for at least three years prior to the commencement of the divorce action, we decline to disturb the Supreme Court's determination that the plaintiff was not entitled to maintenance payments (*see Scher v Scher*, 91 AD3d at 848).

We also reject the plaintiff's contention that the Supreme Court should have imputed annual income of more than $75,000 to the defendant for the purpose of calculating child support. "A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Duffy v Duffy*, 84 AD3d 1151, 1151-1152 [2011] [internal quotation marks omitted]; *see Wesche v Wesche*, 77 AD3d 921, 923 [2010]; *Steinberg v Steinberg*, 59 AD3d 702, 705 [2009]). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (*Duffy v Duffy*, 84 AD3d at 1152 [internal quotation marks omitted]; *see Wesche v Wesche*, 77 AD3d at 923). Here, given the defendant's current employment situation, his future earning capacity, and the scant evidence of additional streams of income, the Supreme Court did not improvidently exercise its discretion in imputing an annual income to the defendant in the sum of $75,000.

To the extent the plaintiff raises issues regarding alleged marital debt and marital funds allegedly used to pay off the separate debt of the defendant, those matters are not covered by the judgment and, therefore, are not properly before us on this appeal. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.