■ CHARLES KESSLER, Respondent, v FREDA KESSLER, Appellant. [977 NYS2d 251]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Connolly, J.), dated May 4, 2011, (2) an order of the same court entered June 23, 2011, and (3) an order of the same court entered August 31, 2011, which, after a hearing, directed the defendant to pay the plaintiff attorney's fees in the sum of $140,720.50.

Ordered that the appeals from the order dated May 4, 2011, and the order entered June 23, 2011, respectively, are dismissed as abandoned; and it is further,

Ordered that the order entered August 31, 2011, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court is vested with the discretion to make an award of attorney's fees, after considering the respective financial circumstances of the parties and all the other circumstances of the case (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *see also O'Shea v O'Shea*, 93 NY2d 187 [1999]). "An appropriate award of attorney's fees should take into account the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of the fees under all of the circumstances" (*Grumet v Grumet*, 37 AD3d 534, 536 [2007]).

The Supreme Court providently exercised its discretion in determining that the plaintiff was entitled to an award of attorney's fees from the defendant. Moreover, the award of $140,720.50, representing half of the attorney's fees the plaintiff incurred, was appropriate.

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.