■ MITCHELL FEIN, Respondent, v JULIE FEIN, Appellant. [979 NYS2d 125]—

The parties were married in 1993 and have three children, born in 1994, 1996, and 1998, respectively. The plaintiff worked as a trader in the financial industry before losing his job in late 2009, and the defendant stayed at home with the children. The plaintiff commenced this action for a divorce and ancillary relief in March 2009, and the matter proceeded to a nonjury trial in June 2011.

Contrary to the defendant's contentions, the Supreme Court did not improvidently exercise its discretion in imputing to the plaintiff an annual income of only $125,000 for the purpose of calculating child support, given the plaintiff's current employment situation, his future earning capacity, and the evidence presented relating to additional streams of income (*see Haagen-Islami v Islami*, 96 AD3d 1004 [2012]). In addition, the court properly imputed an annual income of $65,000 to the defendant (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]).

Contrary to the defendant's further contention, the Supreme Court's determination to calculate the parties' child support obligations based on the $130,000 statutory cap is adequately supported by the record, and was not an improvident exercise of discretion (*see generally Matter of Cassano v Cassano*, 85 NY2d 649 [1995]; *Iarocci v Iarocci*, 98 AD3d 999 [2012]).

We also reject the defendant's contention that the amount and duration of the maintenance award was inadequate. "[T]he

amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]). Here, under the totality of the circumstances, including the fact that the defendant is college educated and capable of seeking employment, the Supreme Court's award of maintenance in the sum of $346.15 per week for three years is adequate in amount and duration (*see Groesbeck v Groesbeck*, 51 AD3d 722 [2008]).

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.