■ Rose Cotter, Respondent, v Thomas Cotter, Appellant.
[30 NYS3d 828]—

Appeal from stated portions of a judgment of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated September 11, 2014. The judgment, upon an amended decision of that court dated July 14, 2014, made after a nonjury trial, inter alia, imputed income to the defendant in the sum of $43,750 per year, failed to award child support to the defendant, directed the defendant to pay to the plaintiff the sum of one-half the value of his Jeep vehicle, and awarded the defendant an attorney's fee in the sum of only $12,500.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof directing the defendant to pay to the plaintiff the sum of one-half the value of his Jeep vehicle; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

"A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (*Sotnik v Zavilyansky*, 101 AD3d 1102, 1103 [2012] [internal quotation marks omitted]; *see Bauman v Bauman*, 132 AD3d 791, 793 [2015]; *Greisman v Greisman*, 98 AD3d 1079, 1080 [2012]; *Haagen-Islami v Islami*, 96 AD3d 1004, 1005 [2012]). Here, the Supreme Court providently exercised its discretion in imputing income to the defendant in the sum of $43,750 per year based upon, inter alia, his skills, education, and employment history.

Further, under the circumstances of this case, including the parties' shared custody arrangement, the Supreme Court properly determined that the defendant was not entitled to receive child support from the plaintiff (*see* Domestic Relations Law § 240 [1-b]; *Bast v Rossoff*, 91 NY2d 723 [1998]; *Matter of Cassano v Cassano*, 85 NY2d 649 [1995]; *Ochs v Ochs*, 40 AD3d 1061, 1062 [2007]).

The determination of what constitutes a reasonable attorney's fee is within the Supreme Court's discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Duffy v Duffy*, 84 AD3d 1151, 1152-1153 [2011]; *Kaplan v Kaplan*, 51 AD3d 635, 637 [2008]). In exercising its discretion, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' position (*see DeCabrera v Cabrera-Rosete*, 70 NY2d at 881). Here, the Supreme Court providently exercised its discretion in awarding the defendant an attorney's fee in the sum of only $12,500.

However, as properly conceded by the plaintiff, the parties stipulated that each would retain his or her own vehicle. Thus, the Supreme Court should not have directed the defendant to pay the plaintiff the sum of one-half the value of his Jeep vehicle (*see generally Pachomski v Pachomski*, 32 AD3d 1005, 1006 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.