■ Deanna Ostrower, Appellant, v William Ostrower, Respondent. [49 NYS3d 155]—

Appeal by the plaintiff from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), dated March 13, 2014. The judgment, upon a decision of that court dated November 4, 2013, made after a nonjury trial, inter alia, failed to award the plaintiff maintenance and expert fees, and awarded the plaintiff counsel fees only to the extent of awarding her the sum of $87,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1967 and have three adult children. In 2007, the plaintiff commenced this action for a divorce and ancillary relief. A nonjury trial was held on the issues of equitable distribution of the marital property, maintenance,

and counsel and expert fees. Upon a decision dated November 4, 2013, made after the nonjury trial, the Supreme Court entered a judgment of divorce. The plaintiff appeals from so much of the judgment as failed to award her maintenance and expert fees, and awarded her counsel fees only to the extent of awarding her the sum of $87,000.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and each case must be determined on its unique facts (*see Carr-Harris v Carr-Harris*, 98 AD3d 548, 551 [2012]; *Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Heymann v Heymann*, 102 AD3d 832, 834 [2013]; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]). In light of the substantial distributive share of the marital property that the plaintiff was awarded pursuant to the parties' stipulation, and the age and health of the parties, we decline to disturb the Supreme Court's determination denying the plaintiff spousal maintenance (*see Heymann v Heymann*, 102 AD3d at 834; *Carr-Harris v Carr-Harris*, 98 AD3d at 551-552; *Haagen-Islami v Islami*, 96 AD3d 1004, 1004-1005 [2012]; *Scher v Scher*, 91 AD3d 842, 848 [2012]). Furthermore, in light of the plaintiff's substantial distributive award, the court providently exercised its discretion in denying her application for expert fees (*see Cooper v Cooper*, 84 AD3d 854, 858 [2011]; *Grumet v Grumet*, 37 AD3d 534, 536-537 [2007]).

The determination of what constitutes reasonable counsel fees is within the Supreme Court's discretion (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Duffy v Duffy*, 84 AD3d 1151, 1152 [2011]; *Kaplan v Kaplan*, 51 AD3d 635, 637 [2008]). In exercising its discretion, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions (*see DeCabrera v Cabrera-Rosete*, 70 NY2d at 881). Under the circumstances of this case, including the substantial distributive award which the plaintiff received pursuant to the parties' stipulation, and the fact that the bulk of both the

plaintiff's and the defendant's counsel fees were paid from marital funds, the court providently exercised its discretion in limiting the plaintiff's counsel fee award to the balance owed to her attorneys, which was the sum of $87,000 (*see Cotter v Cotter*, 139 AD3d 995, 996 [2016]; *Matter of Brink v Brink*, 55 AD3d 601, 602 [2008]; *Grumet v Grumet*, 37 AD3d at 536-537; *cf. Baron v Baron*, 71 AD3d 807, 810-811 [2010]). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.