Goodman v Lempa (2019 NY Slip Op 00423)





Goodman v Lempa


2019 NY Slip Op 00423


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04586
2017-04587
 (Index No. 5177/10)

[*1]Deborah Goodman, appellant,
v
Andreas Lempa, respondent.


Deborah Goodman, Pearl River, NY, appellant pro se.
Ellen B. Holtzman, Nanuet, NY (Meryl Neuren of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) a judgment of divorce of the Supreme Court, Rockland County (Robert M. Berliner, J.) dated March 24, 2017, and (2) an order of the same court entered April 7, 2017. The judgment, insofar as appealed from, upon a decision of the same court dated January 4, 2017, made after a nonjury trial, equitably distributed the parties' marital property equally. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an award of attorneys' fees.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for an award of attorneys' fees, and substituting therefor a provision granting that branch of the motion to the extent of awarding her $50,000 in attorneys' fees; as so modified, the order is affirmed, without costs or disbursements.
The parties were married in June 1999, and have two children together. During the marriage, the defendant was an executive at a large multinational company, while the plaintiff was the primary caregiver for the children and a homemaker. In May 2010, the plaintiff commenced this action against the defendant for a divorce and ancillary relief.
By judgment of divorce dated March 24, 2017, the Supreme Court, after a nonjury trial, inter alia, awarded each party 50% of the marital property. In an order dated April 7, 2017, the court, among other things, denied that branch of the plaintiff's motion which was for an award of attorneys' fees. The plaintiff appeals, pro se, from stated portions of the judgment of divorce relating to equitable distribution, and from so much of the order as denied that branch of her motion which was for an award of attorneys' fees.
"The trial court is vested with broad discretion in making an equitable distribution of marital property' . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618, quoting Bossard v Bossard, 199 AD2d 971, 971). "Moreover, where, as here, the determination as to [*2]equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950; see Maddaloni v Maddaloni, 142 AD3d 646, 651).
Contrary to the plaintiff's contention, under the circumstances of this case, an award of 50% of the parties' marital property constitutes an equitable distribution of that property (see Domestic Relations Law § 236[B][1][d][3]; [5][c]; Diwan v Diwan, 135 AD3d 807; Kessler v Kessler, 118 AD3d 946). We agree with the Supreme Court's determination that the plaintiff failed to prove, by the preponderance of the evidence, that the defendant engaged in wasteful dissipation of the marital assets (see Heymann v Heymann, 102 AD3d 832, 834; Aloi v Simoni, 82 AD3d 683, 685).
The plaintiff's contentions as to certain other credits which the Supreme Court allegedly failed to award her are unpreserved for appellate review, as she did not request this relief before the trial court (see Abrams v Abrams, 57 AD3d 809, 810-811; Hildreth-Henry v Henry, 27 AD3d 419, 420).
The Supreme Court improvidently exercised its discretion by declining to award attorneys' fees to the plaintiff (see Domestic Relations Law § 237). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). The plaintiff's pro se motion, inter alia, for an award of attorneys' fees, while not in strict compliance with the requirements of Domestic Relations Law § 237(a), contained sufficient documentation to substantiate an award of attorneys' fees. In consideration of all the relevant factors, including the financial circumstances of the parties, an attorneys' fee award of $50,000, less than half of the fees sought, is appropriate (see Ostrower v Ostrower, 148 AD3d 819, 820; Baron v Baron, 71 AD3d 807, 811; Grumet v Grumet, 37 AD3d 534, 536-537).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court