Jankovic v Jankovic (2019 NY Slip Op 02322)





Jankovic v Jankovic


2019 NY Slip Op 02322


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-12719
 (Index No. 15612/11)

[*1]Stojadin Jankovic, appellant,
v
Gordana Jankovic, respondent.


Bryan L. Salamone & Associates, P.C., Melville, NY (Marc H. Stein of counsel), for appellant.
Amy S. Nord, Valley Stream, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Elizabeth A. Anderson, Ct. Atty. Ref.), entered July 14, 2016. The judgment of divorce, insofar as appealed from, upon a decision and order of the same court dated January 20, 2015, made after a nonjury trial, awarded the defendant nondurational maintenance in the sum of $333 per month commencing in 2018 and attorney's fees in the sum of $15,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1978, and all of their children are emancipated. The plaintiff appeals from the portions of the parties' judgment of divorce regarding maintenance and attorney's fees.
The factors to consider in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (Kret v Kret, 222 AD2d 412, 412, citing Domestic Relations Law former § 236[B][6][a]; see Heymann v Heymann, 102 AD3d 832, 834). The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and each case must be determined on its unique facts (see Carr-Harris v Carr-Harris, 98 AD3d 548, 551; Mazzone v Mazzone, 290 AD2d 495, 496). Here, the Supreme Court considered the 30-year duration of the marriage, the age of the defendant, her health, and her limited education, as well as her limited future earning capacity and the disparity in the parties' respective incomes in awarding the defendant nondurational maintenance (see Marino v Marinio, 52 AD3d 585, 585; Keane v Keane, 25 AD3d 729, 731, mod on other grounds 8 NY3d 115). Under the circumstances, we agree with the court's determination awarding the defendant nondurational maintenance in the sum of $333 per month commencing in 2018.
We also agree with the Supreme Court's determination awarding attorney's fees to the defendant in the sum of $15,000. The determination of what constitutes reasonable attorney's fees is within the court's discretion (see Domestic Relations Law § 237[a]; Duffy v Duffy, 84 AD3d 1151, 1152; Kaplan v Kaplan, 51 AD3d 635, 637). In exercising its discretion, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). Under the circumstances present here, including the disparity in the parties' incomes and particularly the plaintiff's refusal to pay the defendant any of the sums awarded to her under a pendente lite order in the action, the complexity of the issues involved, and the relative merits of the parties' positions, the award of attorney's fees in the sum of $15,000 should not be disturbed (see Cotter v Cotter, 139 AD3d 995, 996; Matter of Brink v Brink, 55 AD3d 601, 602).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court