■ SUSAN K. BOSSARD, Appellant-Respondent, v JACK C. BOSSARD, Respondent-Appellant. [606 NYS2d 474] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Both parties challenge Supreme Court's determination to equitably distribute the marital property by awarding 42% to plaintiff and 58% to defendant. The court awarded plaintiff the former marital residence, at her option, and made a distributive award for the remainder of plaintiff's 42% interest in the marital property. Plaintiff contends that she was entitled to a 50-50 allocation of the marital property, whereas defendant contends that plaintiff was entitled to no more than 25%. We reject the parties' respective contentions. Domestic Relations Law § 236 (B) (5) (c) requires marital property to be "distributed equitably between the parties" and it is well settled that equitable distribution does not require equal distribution *(Arvantides v Arvantides,* 64 NY2d 1033, 1034; *Tarpinian v Tarpinian,* 160 AD2d 1063, 1064; *Applebaum v Applebaum,* 142 AD2d 300, 303; *Lydick v Lydick,* 130 AD2d 915, 916, *lv denied* 70 NY2d 607). Moreover, the trial court is vested with broad discretion in making an equitable distribution of marital property and, absent an abuse of discretion, its determination will not be disturbed *(Elkaim v Elkaim,* 176 AD2d 116, 119, *appeal dismissed* 78 NY2d 1072; *Petrie v Petrie,* 124 AD2d 449, 450, *lv dismissed* 69 NY2d 1038). We conclude that the court's decision did not constitute an abuse of discretion.

Supreme Court erred, however, in determining that the real property known as the "Smith property" was defendant's separate property. Defendant purchased that property in 1986 and title is in defendant's name. The present action for

divorce was commenced on July 16, 1990. We conclude that the "Smith property" constitutes marital property inasmuch as it was acquired during the marriage and prior to the commencement of the action for divorce *(see,* Domestic Relations Law § 236 [B] [1] [c]). Thus, we modify the judgment by deleting the thirteenth decretal paragraph awarding the "Smith property" to defendant and we remit the matter to Supreme Court to equitably distribute that asset.

Supreme Court properly concluded that the value of the life use of the principal farm residence, purchased by defendant from his parents, constituted a marital debt. The court erred, however, in its determination of the value of that life use based on the value assigned to it in a 1980 agreement. Therefore, we further modify the judgment by deleting from the marital debt the value of that life use as determined by Supreme Court and contained in the twelfth decretal paragraph and, upon remittal, Supreme Court shall fix the fair market value of that life use as of the time that defendant purchased it from his parents. Lastly, the court shall make the appropriate adjustments to determine the total marital debts and the net marital property subject to equitable distribution.

We have reviewed the parties' remaining contentions and we find each one to be lacking in merit. (Appeals from Judgment of Supreme Court, Steuben County, Scudder, J.— Equitable Distribution.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.