■ ANN BORRA, Appellant, v NORMAN J. BORRA, Respondent. [631 NYS2d 76] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered September 9, 1991, which, after a nonjury trial, inter alia, distributed the marital property and failed to award her maintenance.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by (1) deleting from the fifth decretal paragraph the words "the plaintiff is not entitled to any maintenance from the defendant" and substituting therefor the words "the plaintiff is awarded maintenance in the sum of $150 per week until her death or remarriage or until the defendant's death, whichever occurs first", and (2) adding thereto a decretal paragraph directing that any unsatisfied judgments in favor of the plaintiff for pendente lite maintenance arrears be paid from the defendant's share of the proceeds of the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court erred in failing to award the plaintiff wife lifetime maintenance in light of the length of the parties' marriage, the plaintiff's age and health problems, and her negligible earning potential (see, Ruvolo v Ruvolo, 133 AD2d 364, 366). The plaintiff worked in the gas station business run by the defendant, but she has no real marketable skills (see, Schnee v Schnee, 152 AD2d 665; Di Bella v Di Bella, 140 AD2d 292). The defendant, on the other hand, is an enterprising businessman who turned a small, one-island gas station into an extremely lucrative business which supported the parties' lavish marital lifestyle. While, at the time of trial, the defendant's employment income was low, an award of maintenance is determined by earning capacity, not by actual earnings (see, Powers v Powers, 171 AD2d 737, 738). The defendant clearly has excellent business skills and a proven ability to make substantial sums of money. Although it is unlikely that he will ever again earn the income he enjoyed from the gas station business, nor will either party enjoy the lifestyle that

they once shared, the defendant does have the experience and proven earning ability to pay an award of maintenance. Under the circumstances, we find it appropriate to award the plaintiff lifetime maintenance in the sum of $150 per week.

In addition, we find that to the extent outstanding judgments for pendente lite maintenance arrears exist, those judgments should be satisfied from the defendant's share of the proceeds of the sale of the marital residence.

We have examined the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.