■ GORDANA MOGOLLON, Appellant-Respondent, v JESUS MOGOLLON, Respondent-Appellant. [686 NYS2d 849] —In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), dated October 6, 1997, which, after an inquest, *inter alia*, (a) modified the defendant husband's maintenance arrears, (b) directed the parties to each pay 50% of the marital obligations, and (c) directed that upon the sale of the marital residence the proceeds should be equally divided, and (2) the defendant husband cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the fourth decretal paragraph thereof and substituting therefor a provision awarding the plaintiff wife any arrears due under the pendente lite order dated June 15, 1995, less any amounts previously credited to her in the findings of fact dated October 6, 1997; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, to determine the amounts due and owing pursuant to the pendente lite order, and entry of an appropriate amended judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff was entitled to arrears of mortgage payments, homeowners' insurance payments, and payments due to Melrose Credit Union pursuant to the pendente lite order dated June 15, 1995. Pursuant to the terms of the pendente lite order those obligations constituted maintenance (see, Rigberg v Rigberg, 124 AD2d 723). The defendant failed to move for modification of those obligations before arrears accrued, and failed to demonstrate good cause for failing to do so (see, Domestic Relations Law § 236 [B] [9] [b]). Accordingly, those arrears could not be annulled or modified.

The Supreme Court properly directed the parties to equally share payment of marital debts (see, Feldman v Feldman, 204 AD2d 268).

The plaintiff's request that the court direct the defendant to pay one-half of the parties' older son's out-of-pocket college expenses was not addressed by the Supreme Court, and the judgment appealed from contains no decretal paragraph either granting or denying this relief. Thus, the plaintiff's request is not before this Court and remains pending and undecided before the Supreme Court (see, Richtman v Richtman, 207 AD2d 336, 337; Gagliardo v Gagliardo, 151 AD2d 718, 720; Katz v Katz, 68 AD2d 536, 543). In any case at the time the judgment was entered, the child was over the age of 21 years (see, Maroney v Maroney, 173 AD2d 685).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.