OPINION OF THE COURT
David D. Egan, J.
This is a case of first impression. The parties seek a judgment of divorce and have settled all outstanding issues, including the distribution of their marital assets and debts, with one exception. On April 5, 1999, more than a year before the *417 plaintiff Wife (hereinafter Wife) filed for divorce, the parties filed a joint bankruptcy petition with the Western District of New York under chapter 7 of the Federal Bankruptcy Code. After the bankruptcy filing the Wife inherited approximately $400,000 in stock from an aunt. Under 11 USC § 541 (a) (5) any inheritance received by a debtor within six months of the filing of a bankruptcy petition is included in the estate. Accordingly, the bankruptcy trustee withdrew his no asset report, sending a notice to creditors that it was an asset case on September 2, 1999. The defendant Husband (hereinafter Husband) and Wife in March 2000 received discharges from the Bankruptcy Court. Two months later the Wife filed an action for divorce against her Husband.
Learning of her inheritance the Wife sought to withdraw her bankruptcy petition, vacate her discharge, and bifurcate the proceedings. Of the five creditors filing claims against the bankruptcy estate only two were based on the joint indebtedness of the Husband and Wife. The Wife, in exchange for the withdrawal of her bankruptcy petition, agreed to settle those two marital debts by paying approximately $16,000 to the creditors, plus trustee fees of $1,750. No action was taken against the Husband as he had no assets. The Wife now seeks from the Husband contribution of 50% of her partial payment of the marital debts, otherwise discharged in bankruptcy.
This court should not disturb the benefits a party may receive by operation of Federal bankruptcy law, specifically, the Husband’s discharge in bankruptcy. (Cf. Frommer v Frommer, 104 AD2d 726 [4th Dept 1984] [State court has no right to “interfere with the function of the Bankruptcy Court”].) Domestic Relations Law § 236 (B) (5) (c), in part, provides for marital property to be distributed equitably between the parties “considering the circumstances of the case and of the respective parties.” In making this determination, numerous factors must be considered, including the parties’ incomes and property acquired during the marriage, the length of the marriage, their ages and health status, and tax consequences. (See Domestic Relations Law § 236 [B] [5] [d].) As the Fourth Department indicated in Kudela v Kudela (277 AD2d 1015 [4th Dept 2000]) a “ ‘trial court is vested with broad discretion in making an equitable distribution of marital property and, absent an abuse of discretion, its determination will not be disturbed.’” (Quoting Bossard v Bossard, 199 AD2d 971 [4th Dept 1993].)
The Husband has not received a windfall as the Wife attempts to characterize it. The Wife’s inheritance, albeit *418 unanticipated, is a resource for partial repayment of the indebtedness the parties incurred during the course of their marriage, which this court finds to be fair in terms of the parties’ other stipulations concerning the Husband’s maintenance and child support obligations. Further, since the Bankruptcy Court has agreed to allow the Wife to withdraw her bankruptcy petition, her future credit will no longer be encumbered by the onus of the bankruptcy filing.
The plaintiff Wife’s request is in all respects denied. The judgment of divorce shall incorporate this court’s decision and all other terms of the parties’ stipulation placed on the record in open court.