■ CATHERINE KING, Appellant, v STEVEN GEOVANIS, Respondent. [844 NYS2d 283]—

Judgment of divorce, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered April 26, 2006, insofar as appealed from as limited by the briefs, awarding maintenance and child support retroactive to the commencement of the trial, March 28, 2005, unanimously reversed, on the law, without costs, such awards are made retroactive to the commencement of the action, May 14, 2003, and the matter remanded for a recalculation of the retroactive amounts and for reconsideration of the manner of payment.

"A final order of maintenance or child support 'shall be effective as of the date of the application therefor' (Domestic Relations Law § 236 [B] [6] [a]; [7] [a])" (*Burns v Burns*, 84 NY2d 369, 377 [1994]). The service of a summons with notice containing a request for maintenance or child support constitutes an application therefor (*id.*). Thus, since plaintiff requested maintenance and child support in her summons with notice, the filing of which commenced this action on May 14, 2003, the child support and maintenance awards should have been made retroactive to May 14, 2003. We have considered defendant's arguments, including that the matter should be remanded for a recalculation of the amount and duration of the awards, and find them unavailing. Concur—Tom, J.P., Saxe, Sullivan, Gonzalez and Sweeny, JJ.