■ Tsipora Litvak, Respondent-Appellant, v Stephen Litvak, Appellant-Respondent. [880 NYS2d 690]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered October 30, 2007, which, inter alia, after a nonjury trial, upon a decision of the same court dated July 20, 2007, directed him to pay the plaintiff nondurational maintenance in the sum of $4,000 per month from September 12, 2007, until she reaches the age of 65, and $2,000 per month thereafter until the death of either party or the plaintiff's remarriage, directed that the award of nondurational maintenance be retroactive to April 12, 2004, the date of the commencement of the divorce action, directed that he maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the face amount of not less than the sum of $800,000, determined that the sum of $50,000 he borrowed did not constitute marital debt, and determined that certain funds he inherited constituted marital property, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as directed the defendant to pay her maintenance in the sum of only $4,000 per month from September 12, 2007, until she reaches the age of 65, and only $2,000 per month thereafter until the death of ei-

ther party or the plaintiff's remarriage, and denied her request for an award of an attorney's fee.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the face amount of not less than the sum of $800,000, and substituting therefor a provision directing the defendant to maintain a life insurance policy naming the plaintiff as an irrevocable beneficiary in the face amount of not less than $675,000 until the plaintiff reaches the age of 65, and in the face amount of $425,000 thereafter, and (2) by deleting from the ninth decretal paragraph thereof the provision denying the plaintiff's request for an attorney's fee; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination of an appropriate award of an attorney's fee, and the entry of an appropriate amended judgment thereafter.

When evaluating whether a court providently exercised its discretion in awarding maintenance, the factors to be considered are whether the award encourages economic independence, the present and future earning capacity of the parties, the reduced or lost lifetime earning capacity of the party seeking maintenance, the duration of the marriage, whether the amount and duration of the award is appropriate in light of the pre-separation standard of living, the reasonable needs of the recipient spouse, the income and property of the parties, the distribution of the marital property, and the health of the parties (see Hartog v Hartog, 85 NY2d 36, 51-52 [1995]; Appel v Appel, 54 AD3d 786, 787 [2008]; Bean v Bean, 53 AD3d 718, 723 [2008]; Grumet v Grumet, 37 AD3d 534, 535-537 [2007]; Scarlett v Scarlett, 35 AD3d 710, 711 [2006]; Comstock v Comstock, 1 AD3d 307, 308 [2003]).

Under the circumstances of this case, including the parties' relative incomes and available assets, the Supreme Court did not improvidently exercise its discretion in awarding nondurational maintenance to the wife in the sum of $4,000 per month until she reaches the age of 65 and the sum of $2,000 per month thereafter until the death of either party or the plaintiff's remarriage (see Appel v Appel, 54 AD3d at 788; Borra v Borra, 218 AD2d 780 [1995]; cf. Bean v Bean, 53 AD3d at 723; Marion v Marion, 300 AD2d 369, 370 [2002]).

The Supreme Court properly directed that the maintenance obligation be made retroactive to the filing of the summons

with notice (see *King v Geovanis,* 45 AD3d 273 [2007]; *Schiffer v Schiffer,* 21 AD3d 889, 890 [2005]). However, under the circumstances of this case, including the ages of the parties, the amount of life insurance the defendant was required to carry by the Supreme Court was excessive, and has been reduced accordingly (see Domestic Relations Law § 238; *Reed v Reed,* 55 AD3d 1249, 1251 [2008]; *Penna v Penna,* 29 AD3d 970, 971 [2006]; *Benzaken v Benzaken,* 21 AD3d 391 [2005]; *Konigsberg v Konigsberg,* 3 AD3d 330, 331 [2004]; *Holterman v Holterman,* 307 AD2d 442, 442-443 [2003], *affd* 3 NY3d 1 [2004]).

The Supreme Court correctly determined that approximately $193,000 inherited by the defendant from his grandfather constituted marital property inasmuch as the defendant commingled it with the marital assets (see *Crescimanno v Crescimanno,* 33 AD3d 649 [2006]; *McManus v McManus,* 298 AD2d 189 [2002]; *Pauk v Pauk,* 232 AD2d 386, 390 [1996]; *cf. Chamberlain v Chamberlain,* 24 AD3d 589, 593 [2005]; *Wade v Steinfeld,* 15 AD3d 390, 391 [2005]).

The Supreme Court did not address whether a certain municipal bond was or was not marital property in its decision after trial, and the judgment appealed from contains no decretal paragraph with respect to this asset. Thus, the issue remains pending and undecided by the Supreme Court, and is therefore not before this Court (see *Mogollon v Mogollon,* 259 AD2d 678, 679 [1999]).

The Supreme Court improvidently exercised its discretion in denying the plaintiff's request for an attorney's fee. Given the great disparity between the incomes of the parties in this case, the Supreme Court should have awarded the plaintiff an attorney's fee (see *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Maher v Maher* 196 AD2d 530 [1993]; Domestic Relations Law § 237).

The defendant's remaining contention is without merit. Spolzino, J.P., Belen, Lott and Austin, JJ., concur.