■ MICHAEL HENDRY, Appellant, v LAUREN PIERIK, Respondent. [911 NYS2d 140]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Owen, J.), dated May 15, 2009, which, upon a decision of the same court dated March 6, 2009, made after a nonjury trial, inter alia, awarded the defendant nondurational maintenance in the sum of $2,150 per month until the later of either the plaintiff reaching the age of 62 or permanently retiring, retroactive to the filing of the complaint on August 3, 2007, set the valuation date of the parties' pension and retirement accounts for equitable distribution purposes as the date of commencement of the action, and awarded the defendant 50% of the proceeds of his stock options.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting from the third and fourth decretal paragraphs thereof the words "but shall be retroactive to the August 3, 2007, date of filing of the Complaint"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"When evaluating whether a court providently exercised its discretion in awarding maintenance, the factors to be considered are whether the award encourages economic independence, the present and future earning capacity of the parties, the reduced or lost lifetime earning capacity of the party seeking maintenance, the duration of the marriage, whether the amount and duration of the award is appropriate in light of the preseparation standard of living, the reasonable needs of the recipient spouse, the income and property of the parties, the distribution of the marital property, and the health of the parties" (*Litvak v Litvak*, 63 AD3d 691, 692 [2009]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]).

Under the circumstances of this case, including the parties' ages, respective earning potentials, predivorce standard of living, relative incomes and available assets, the Supreme Court did not improvidently exercise its discretion in awarding nondurational maintenance to the defendant in the sum of $2,150 per month until the later of either the plaintiff reaching the age of 62 or permanently retiring (*see Geller v Geller*, 69 AD3d 563, 564 [2010]; *Wasserman v Wasserman*, 66 AD3d 880, 883 [2009]; *Litvak v Litvak*, 63 AD3d at 692; *Borra v Borra*, 218 AD2d 780 [1995]).

However, we agree with the plaintiff that the Supreme Court improvidently exercised its discretion in making the defendant's

awards of maintenance and child support retroactive to the date of the commencement of the action. The defendant never requested any pendente lite relief, and the plaintiff voluntarily and adequately provided for the needs of the defendant and the parties' children during the pendency of the action. " 'Under these circumstances, it does not appear that the parties contemplated a retroactive award of maintenance [or child support]' " (*Northway v Northway*, 70 AD3d 1347, 1348 [2010], quoting *Grumet v Grumet*, 37 AD3d 534, 536 [2007]; *Lobotsky v Lobotsky*, 122 AD2d 253, 255 [1986]; *see also Fleischmann v Fleischmann*, 24 Misc 3d 1225[A], 2009 NY Slip Op 51616[U] [2009]).

Contrary to the plaintiff's contentions, the Supreme Court properly valued the parties' pension and retirement accounts as of the date of commencement of the action, despite their physical separation almost two years prior. "[I]n the absence of a separation agreement, the commencement date of a matrimonial action demarcates the termination point for the further accrual of marital property" and "the valuation date must be between the date of commencement of the action and the date of trial" (*Mesholam v Mesholam*, 11 NY3d 24, 28 [2008] [internal quotations, citations and alterations omitted]).

Moreover, under the circumstances, in which the plaintiff received the subject stock options during the marriage and exercised them eight months after the commencement of the action as a result of the termination of his employment, the Supreme Court did not improvidently exercise its discretion in distributing the proceeds equally between the parties (*see Abrams v Abrams*, 57 AD3d 809, 811 [2008]; *Dermigny v Dermigny*, 23 AD3d 429, 431 [2005]). Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.