# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**884**

**CA 13-00149**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

LOUISE KROLIKOWSKI, PLAINTIFF-RESPONDENT,

V                                         MEMORANDUM AND ORDER

ALLAN KROLIKOWSKI, DEFENDANT-APPELLANT.

---

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (JOEL R. KURTZHALTS OF COUNSEL), FOR DEFENDANT-APPELLANT.

PALMER, MURPHY & TRIPI, BUFFALO (THOMAS A. PALMER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Janice M. Rosa, J.), entered April 17, 2012 in a divorce action. The judgment, among other things, directed plaintiff to pay maintenance to defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by increasing the duration of maintenance from five years to nine years and as modified the judgment is affirmed without costs.

Memorandum: Defendant husband appeals from a judgment that, among other things, ordered plaintiff wife to pay defendant maintenance of $200 per week for five years, ordered plaintiff to pay defendant $40,800.75 for his interest in the marital residence, and distributed other marital assets. We reject defendant's contention that Supreme Court abused its discretion in awarding him only $200 per week in maintenance, and that the award of maintenance should be substantially increased (*see Mayle v Mayle*, 299 AD2d 869, 869). "[T]he amount and duration of maintenance are matters committed to the sound discretion of the trial court" (*Reed v Reed*, 55 AD3d 1249, 1251 [internal quotation marks omitted]). Here, the record establishes that the court properly considered defendant's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" in Domestic Relations Law § 236 (B) (6) (a) (*Hartog v Hartog*, 85 NY2d 36, 52; *see Frost v Frost*, 49 AD3d 1150, 1151). We conclude, however, that the court abused its discretion with respect to the duration of maintenance, and we therefore modify the judgment by increasing the duration of maintenance from five years to nine years (*see generally Reed*, 55 AD3d at 1251).

Contrary to defendant's further contention, the court properly exercised its broad discretion in making an equitable distribution of

the marital property (*see Martinson v Martinson*, 32 AD3d 1276, 1277; *Bossard v Bossard*, 199 AD2d 971, 971), upon considering the requisite statutory factors (*see generally* Domestic Relations Law § 236 [B] [5] [d]).  In particular, the court properly considered the fact that plaintiff used separate property received from the estates of her father and uncle to pay off indebtedness on the marital residence (*see Midy v Midy*, 45 AD3d 543, 544-545).  We conclude that defendant's remaining contentions, concerning the equitable distribution of the value of an investment account, plaintiff's summer paychecks, and the parties' vehicles, are without merit.

Entered:  October 4, 2013                          Frances E. Cafarell
                                                    Clerk of the Court