In an action for a divorce and ancillary relief, the defendant *661 appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (DeStefano, J.), dated March 22, 2012, as, upon a decision of the same court dated July 25, 2011, made after a nonjury trial, and upon an order of the same court dated February 6, 2012, inter alla, denying those branches of the defendant’s motion which were, in effect, pursuant to CPLR 4404 (b) to set aside certain portions of the decision, awarded the plaintiff maintenance in the sum of $4,500 per month, to be increased to $5,300 per month upon the emancipation of the parties’ older son, for a period of 16 years, and awarded the plaintiff the sum of $35,000 for counsel fees, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as awarded her the sum of only $3,000 per month for child support and failed to award her a credit for certain marital assets allegedly dissipated by the defendant.
Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The defendant’s contention that the maintenance award is excessive in amount and duration is without merit. “[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts. In determining the amount and duration of an award of maintenance, the court must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance” (Levitt v Levitt, 97 AD3d 543, 544 [2012] [citation and internal quotation marks omitted]). Here, the Supreme Court properly considered the relevant factors, which included the long duration of the marriage, the plaintiff’s extended absence from the work force, and the parties’ predivorce standard of living, and providently exercised its discretion in fashioning the maintenance award (see id.; Siskind v Siskind, 89 AD3d 832, 833 [2011]; Litvak v Litvak, 63 AD3d 691, 691-692 [2009]; Fitzpatrick v Fitzpatrick, 43 AD3d 991, 992 [2007]).
In addition, the Supreme Court providently exercised its discretion in awarding counsel fees to the plaintiff in the sum of $35,000 (see Franco v Franco, 97 AD3d 785, 786-787 [2012]; Litvak v Litvak, 63 AD3d at 693; Jayaram v Jayaram, 62 AD3d 951, 954 [2009]; Costa v Costa, 46 AD3d 495, 496-497 [2007]).
Moreover, the Supreme Court providently exercised its discre *662 tian in awarding child support to the plaintiff in the amount of $3,000 per month. Contrary to the plaintiff’s contention, the court’s decision to cap the defendant’s income for child support purposes is supported by the record (see Lago v Adrion, 93 AD3d 697, 699 [2012]).
The parties’ remaining contentions are without merit. Mastro, J.E, Dillon, Leventhal and Duffy, JJ., concur.