# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1094**
**CA 15-00286**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

STEFKA FERREL, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTOPHER J. FERREL, DEFENDANT-APPELLANT.
------------------------------------------------
CHRISTOPHER J. FERREL, THIRD-PARTY
PLAINTIFF-APPELLANT,

V

ANDREW FERREL, THIRD-PARTY DEFENDANT-RESPONDENT.

---

KUSTELL LAW GROUP, LLP, BUFFALO (CARL B. KUSTELL OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

JAMES P. RENDA, BUFFALO, FOR THIRD-PARTY DEFENDANT-RESPONDENT.

EDWARD J. SNYDER, ATTORNEY FOR THE CHILD, WEST SENECA.

---

Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 21, 2014 in a divorce action. The judgment, inter alia, directed plaintiff to make a distributive award to defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant-third-party plaintiff (defendant) appeals from a judgment of divorce that, inter alia, distributed marital property. Supreme Court properly determined that none of the funds in the accounts of the parties' children, i.e., third-party defendant and his minor sibling, are marital property subject to distribution (*see Hutchings v Hutchings*, 155 AD2d 971, 972; *cf. Wortman v Wortman*, 11 AD3d 604, 606). Contrary to defendant's contention, we conclude that "the court properly exercised its broad discretion in making an equitable distribution of the marital property" (*Krolikowski v Krolikowski*, 110 AD3d 1449, 1450). In making that distribution, the court properly accorded respect to "[t]he parties' choice of how to spend funds during the course of the marriage" and declined to "second-guess the economic decisions made during the course of [the]

marriage" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 421; *see Kessler v Kessler*, 118 AD3d 946, 948).  The court did not abuse its discretion in denying defendant's request for counsel fees.  Contrary to defendant's contention, the record contains no evidence that plaintiff engaged in dilatory or otherwise improper conduct during the course of the litigation (*see Blake v Blake* [appeal No. 1], 83 AD3d 1509, 1509).  Finally, we note that plaintiff's cross appeal from the judgment was deemed abandoned and dismissed pursuant to 22 NYCRR 1000.12 (b), and thus her contention that the court abused its discretion in denying her request for counsel fees is not properly before us.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court