Dechow v Dechow (2018 NY Slip Op 03292)





Dechow v Dechow


2018 NY Slip Op 03292


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


609 CA 17-01604

[*1]PATTI M. DECHOW, PLAINTIFF-APPELLANT,
v
TERRY DECHOW, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






HOGAN WILLIG, PLLC, AMHERST (STEVEN G. WISEMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
EMILY A. VELLA, SPRINGVILLE, FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered April 11, 2017. The judgment, among other things, distributed the marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, plaintiff appeals from a judgment of divorce that, among other things, distributed the marital property between the parties. In appeal No. 2, plaintiff appeals from an order that awarded counsel fees to defendant.
We reject plaintiff's contention in appeal No. 1 that Supreme Court erred in awarding to defendant 50% of the marital portion of her 401K account and pension plan and 50% of the equity in the marital residence. Upon considering the requisite statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d) (see generally Arvantides v Arvantides, 64 NY2d 1033, 1034 [1985]; Majauskas v Majauskas, 61 NY2d 481, 492-493 [1984]; Alaimo v Alaimo, 199 AD2d 1039, 1039-1040 [4th Dept 1993]), we conclude that the court properly exercised its broad discretion in making an equitable distribution of the marital property (see Krolikowski v Krolikowski, 110 AD3d 1449, 1450 [4th Dept 2013]; Bossard v Bossard, 199 AD2d 971, 971 [4th Dept 1993]). We further conclude that, contrary to plaintiff's contention, the court did not err in the manner in which it credited her for payments that she made on the mortgage and taxes associated with the marital residence before and after commencement of this action (see generally Louzoun v Montalto, 70 AD3d 652, 653-654 [2d Dept 2010], lv dismissed 15 NY3d 838 [2010]; Martusewicz v Martusewicz, 217 AD2d 926, 928 [4th Dept 1995], lv denied 88 NY2d 801 [1996]).
We reject plaintiff's contention in appeal No. 2 that the court abused its discretion in awarding counsel fees to defendant. "An award of an attorney's fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Grant v Grant, 71 AD3d 634, 634-635 [2d Dept 2010] [internal quotation marks omitted]; see Gelia v Gelia, 114 AD3d 1263, 1264 [4th Dept 2014]). Here, the court properly considered the circumstances of the case, including the parties' relative financial circumstances and the merits of their positions during trial, and we conclude that the award is reasonable and does not constitute an abuse or improvident exercise of the court's discretion (see Matter of Viscuso v Viscuso, 129 AD3d 1679, 1683 [4th Dept 2015]; Gelia, 114 AD3d at 1264).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court