Beyel v Beyel (2019 NY Slip Op 05102)





Beyel v Beyel


2019 NY Slip Op 05102


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-11460
 (Index No. 28278/13)

[*1]Linda Beyel, appellant, 
v
Harold Beyel, Jr., respondent.


Catterson & LoFrumento, LLP, Garden City, NY (Michael F. LoFrumento of counsel), for appellant.
Horn & Horn, Huntington, NY (Jeffrey S. Horn of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Suffolk County (Jennifer A. Buetow, Ct. Atty. Ref.), entered September 20, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 17, 2015, made after a nonjury trial, awarded the plaintiff maintenance in the sum of only $3,000 per month for a period of only 7 years and awarded the plaintiff an attorney's fee in the sum of only $10,000.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff maintenance in the sum of $3,000 per month for 7 years, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $3,000 per month for 10½ years, with such maintenance obligation terminating upon the plaintiff's remarriage or the death of either party; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The amount and duration of maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see Carr-Harris v Carr-Harris, 98 AD3d 548, 551; Wortman v Wortman, 11 AD3d 604, 606; Mazzone v Mazzone, 290 AD2d 495, 496). A court is required to consider the statutory factors set forth in Domestic Relations Law former § 236(B)(6)(a) (see Shortis v Shortis, 274 AD2d 880; Mulverhill v Mulverhill, 268 AD2d 948). "Factors to be considered include the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance'" (Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1350, quoting Repetti v Repetti, 147 AD3d 1094, 1096-1097).
Here, the Supreme Court awarded the plaintiff maintenance in the sum of $3,000 per month for 7 years. The court providently exercised its discretion in setting the monthly amount of the maintenance award. However, given the circumstances of this case, including the 27-year length of marriage, the plaintiff's age at the time of the trial, the fact that the plaintiff has had limited full-time work experience, and the disparity in the parties' respective incomes and education levels, the [*2]court improvidently exercised its discretion with respect to the duration of maintenance. Therefore, we increase the duration of maintenance from 7 years to 10½ years, with such maintenance obligation terminating upon the plaintiff's remarriage or the death of either party (see Nadasi v Nadel-Nadasi, 153 AD3d 1346; Repetti v Repetti, 147 AD3d 1094; Hannan v Hannan, 116 AD3d 660; Krolikowski v Krolikowski, 110 AD3d 1449).
The determination of what constitutes a reasonable attorney's fee is within the Supreme Court's discretion (see Domestic Relations Law § 237[a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Duffy v Duffy, 84 AD3d 1151; Kaplan v Kaplan, 51 AD3d 635). In exercising its discretion, a court should review the financial circumstances of both parties together with all of the other circumstances of the case, which may include the relative merit of the parties' positions (see DeCabrera v Cabrera-Rosete, 70 NY2d at 881). Under the circumstances here, including the amount of the distributive award and the maintenance award to the plaintiff, the Supreme Court providently exercised its discretion in limiting the plaintiff's award of an attorney's fee to the sum of $10,000 (see Cotter v Cotter, 139 AD3d 995; Matter of Brink v Brink, 55 AD3d 601, 602; Grumet v Grumet, 37 AD3d 534, 536-537; Ventimiglia v Ventimiglia, 36 AD3d 899).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court