R.S.P.S. v J.S.C.M. (2025 NY Slip Op 50659(U))

[*1]

R.S.P.S. v J.S.C.M.

2025 NY Slip Op 50659(U)

Decided on April 25, 2025

Supreme Court, Bronx County

Negron, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2025
Supreme Court, Bronx County

R.S.P.S., Plaintiff,

against
J.S.C.M., Defendant.

Index No. XXXXXX/XXXXE

Attorney(s) for the Plaintiff-Respondent
Christopher Esposito, Esq.
269 West 231st Street
Bronx, New York 10463
E: chrisesposito3666@gmail.com
Attorney(s) for the Defendant-Movant
Law Offices of Diana Martinez Esq. P.C.
By: Diana Martinez, Esq. 347 Fifth Avenue, Room 1003
New York, New York 10016
E: dmartinezesq@aol.com

Wanda Y. Negron, J.

The Defendant timely moves for leave to reargue and to renew his prior motion for dismissal that was denied, which did not consider an unsigned attorney affirmation. However, the Court neither overlooked nor misapprehended matters of fact or law in its prior decision; nor does the corrected attorney affirmation in support contain new facts that would change this court's prior determination. Nevertheless, the Defendant is granted leave to renew the prior motion given the satisfactory explanation proffered for the submission of an unsigned affirmation and as renewal would not otherwise prejudice the Plaintiff. Upon renewal, a review of the prior motion record in its entirety, the Court adheres to initial determination that the Defendant fails to establish that this court is an inconvenient forum to adjudicate this matrimonial action. Moreover, in considering the new legal arguments set forth in the corrected attorney affirmation in support, the Court shall not exercise its discretion in dismissing this matter.
Facts
The Defendant moved to dismiss this action. In deciding the motion, the Court did not consider the attorney affirmation in support as it was unsigned, citing to 22 NYCRR §§ 130-1a, 202.16 (e) and CPLR 2101 (a). However, the remaining supporting papers revealed that the dismissal application was made pursuant to the doctrine of forum non conveniens. The Court denied the motion based upon the Defendant's failure to demonstrate that private and/or public interest factors weigh against this Court's acceptance of the litigation; specifically, the Court addressed the factors it was required to weigh, to wit: the residency of the parties; the potential hardship to proposed witnesses (including and especially nonparty witnesses); the availability of an alternative venue; the situs of the underlying actionable events; the location of evidence; and the burden that retention would impose upon this court (Mannino v Caroso, 67 Misc 3d 1218[A], 2020 NY Slip Op 50583[U], *3 [Sup Ct, Kings County 2020, Sunshine, J.]). In doing so, the Court relied on the following undisputed facts:
The parties were married in the Dominican Republic in 2010. There are two children of the marriage, who are now eleven and nine years old respectively, and both of whom reside with the Plaintiff. The parties filed cross-petitions for custody in 2022 and 2023, respectively, that were litigated in the Bronx County Family Court. Pursuant to a temporary order of custody therefrom, the Plaintiff was granted temporary custody of the minor children alongside leave to relocate to the State of Connecticut. Pursuant to a separate order of visitation, the Defendant has been granted parental access with the children. The Defendant resides within the State of New York. The Defendant does not dispute that he accumulated retirement benefits during the marriage that would be distributable in a matrimonial action.
In 2022, the Plaintiff commenced a divorce action against the Defendant in the Dominican Republic that was ultimately dismissed in 2023. In 2023, the Defendant commenced a divorce action against the Plaintiff in the Dominican Republic. In April of 2024, the Plaintiff commenced the instant divorce action. The Plaintiff represented within her Verified Complaint [*2]that there was no matrimonial action between the parties pending in any other court of competent jurisdiction. However, it was not until after the commencement of this divorce action that the Defendant's 2023 Dominican divorce action was dismissed. The Plaintiff did not dispute that the representation within her Verified Complaint was inaccurate. Although the Defendant alleged that there was a pending appeal as of the date of the prior motion, no update regarding the status of the appeal or 2023 Dominican Divorce is provided on this motion record.
Upon considering these facts, the Court found that:
"the Defendant does not meet his burden to establish sufficient relevant private and/or public interest factors weigh against a New York court's acceptance of the litigation to establish that the parties' divorce action should be litigated in the Dominican Republic. In fact, the record appears to support the antithesis, that this action has a substantial nexus to the State of New York, as neither parties nor the children reside in the foreign jurisdiction; each party resided in New York State for a continuous period of at least two years prior to the filing of this action; and the main asset, the Defendant's retirement account(s), appear to have been accumulated in this country, and this State is capable of distributing same by way of a qualified domestic relations order."
Regarding the Plaintiff's admission that she neglected to disclose that the 2023 Dominican Divorce had been pending when she verified her Verified Complaint, the Court held that:
"[r]egarding the Plaintiff's misrepresentation within her Verified Complaint, the Court notes that the Defendant did not expressly seek the issuance of sanctions pursuant to 22 NYCRR § 130-1.1 (c) (3) on the face of his order to show cause, let alone cite to same within his support affirmation. As this Court declines to schedule a hearing to issue sanctions against the Plaintiff on its own motion, the Court need not address this ancillary issue. Instead, the Court shall take this fact into consideration if and when either party makes an application for an award of counsel fees."

 Analysis
I. The Defendant fails to establish entitlement to reargument.
Pursuant to CPLR 2221 (d), motions for leave to reargue made before a trial court must be (i) identified specifically as such; (ii) based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (iii) be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.
Here, the Defendant's Counsel contends that this Court improperly overlooked her affirmation in support in the prior motion, as there was no defect when she filed this affirmation. Counsel explains that the NYSCEF security system automatically removed the Optical Character Recognition (OCR) version of the uploaded document, which caused the removal of her electronic signature and the resultant inadvertent submission of an unsigned document. The Defendant's Counsel further argues that this Court overlooked and misapprehended the fact that the Plaintiff admitted within her opposition papers to the prior motion that she misrepresented within the Verified Complaint fact that there was no pending divorce action when the 2023 Dominican divorce had been pending.
The Court did not improperly overlook the unsigned attorney affirmation in support, let [*3]alone misapprehend the law in applying same, as the Court expressly addressed the defective NYSCEF document and cited pertinent statue and court rules in declining to consider same (22 NYCRR §§ 130-1a, 202.16 [e]; see also CPLR 2101 [a]). Additionally, as noted hereinabove, the Court did not overlook the Plaintiff's admission that the 2023 Dominican Divorce had been pending when she executed the Verified Complaint, as this fact was expressly addressed in its decision. Nor was there a misapprehension of this admission, as the Court elected to address this misrepresentation at any time a party makes an application for counsel fees.
Given the foregoing, the Defendant's application for leave to reargue the prior motion is denied.
II. Although the Defendant is granted leave to renew the prior motion for dismissal, the Court adheres to its initial determination and does not find the new arguments made in support of dismissal to be persuasive; therefore, upon renewal, the Defendant's motion to dismiss this divorce action is denied.
Applications for renewal pursuant to CPLR 2221 (e): (i) must be identified specifically as such; (ii) must be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (iii) must contain a reasonable justification for the failure to present such facts on the prior motion.
Here, contrary to arguments by the Defendant, the corrected affirmation in support does not assert new facts that were not offered in the prior motion that would change this Court's determination—it presents only legal argument in support of the prior motion. However, in the First Judicial Department, "[r]enewal may be granted where the failure to submit an affidavit in admissible form was inadvertent and there is no showing by the opposing party of any prejudice attributable to the delay caused by the failure" (B.B.Y. Diamonds Corp. v Five Star Designs, Inc., 6 AD3d 263, 264 [1st Dept 2004] [internal citation omitted]). Here, the explanation by the Defendant's Counsel regarding the inadvertent submission of an unsigned attorney affirmation, as recounted hereinabove, is sufficient to permit renewal of the Defendant's prior motion for dismissal (id.).
Upon renewal, this Court adheres to its initial determination that the Defendant failed to establish that this court is an inconvenient forum to adjudicate this divorce action, and the corrected attorney affirmation in support presents no legal arguments regarding this matter to disabuse this Court of same.
However, within the attorney affirmation in support, now being considered on renewal, the Court discerns a distinct argument by the Defendant's Counsel, to wit: that the Plaintiff's intentional misrepresentation within the Verified Complaint that there was no other matrimonial action for divorce pending between the parties in any other court of competent jurisdiction when, in fact, the 2023 Dominican divorce was pending at the time the pleading was verified, amounted to extrinsic fraud, requiring the Court to exercise its discretionary power by dismissing this divorce action. The Defendant's Counsel cites the trial court case of Novitski v Novitski for the proposition that courts should not countenance misrepresentations in divorce proceedings quoting portions of the trial court decision (51 Misc 3d 1230[A], 2016 NY Slip Op 50883[U] [Sup Ct, Monroe County 2016] [the trial court denied the defendant's application to vacate a judgment for divorce as, notwithstanding the plaintiff's misrepresentations made in [*4]support of obtaining said judgment, given the defendant's conduct, in part, warranted denial of the motion]). The Defendant further cites N.C. v M.C. as an example of a trial court dismissing a matrimonial action for a party's misrepresentation of a fact (29 Misc 3d 1202[A], 2012 NY Slip Op 52325[U] [Sup Ct, Queens County 2012] [after trial court vacated a default judgment of divorce and the plaintiff filed a subsequent pendente lite order to show cause, the trial court denied the motion and dismissed the divorce action without prejudice after inquiry into the facts of the matter revealed that the plaintiff misrepresented in several court filings that there were no children of the marriage]).
Although it is anathema to this Court to countenance any misrepresentation made by parties within sworn documents filed with the court or presented to this tribunal, this Court finds that the dismissal of this action would be an extreme and disproportionate remedy to the Plaintiff's admitted misrepresentation. The cited case of Novitski v Novitski and N.C. v M.C. are factually distinguishable and do not otherwise persuade this Court to alter its initial determination. Unlike the misrepresentations made in the above-cited cases, the information withheld in this matter, even if it had been disclosed to the Court, might not have ultimately caused this Court to take a different view of the facts—specifically, because the undisputed record reflects (i) that the foreign action was dismissed subsequent to the filing of the pleading and during the pendency of this action; and (ii) that neither of the parties nor the children have resided in the foreign jurisdiction, as expressly represented in the parties' respective pleadings, including when each party pleaded the residency requirements of DRL § 230. Moreover, any dismissal of this action would otherwise harm the children of the marriage by eradicating the date of commencement for purposes of calculating basic child support arrears after trial (DRL §§ 236 [B] [7] [a], 240 [1]; see e.g. King v Geovanis, 45 AD3d 273, 273 [1st Dept 2007]).
Nevertheless, the Court shall not leave the Plaintiff's conduct unaddressed, and this Court finds that same shall be remedied (i) by the Plaintiff's amendment of the complaint to correct the misrepresentation and (ii) by granting the Defendant leave to address this conduct at the counsel-fees portion of the trial of this matter and/or by the filing of a motion pursuant to 22 NYCRR § 130-1.1
Therefore, upon renewal, this Court finds that the trial court cases cited by the Defendant are factually distinguishable and the legal arguments made therein do not otherwise persuade this Court to reach a different conclusion other than what it decided in its prior decision—that the Defendant's motion to dismiss must be denied.

Conclusion
Because the Defendant did not establish that this Court overlooked or misapprehended a matter of fact or law in its prior decision, the Defendant's application for leave to reargue the prior motion for dismissal is denied. Although the Defendant established entitlement to renewal, this Court's review of the complete motion record on renewal, including the legal arguments set forth in support, results in this Court reaching the same determination it reached in the prior motion—that this matter must not be dismissed. Therefore, it is hereby
ORDERED AND ADJUDGED, that the Defendant's application, pursuant to CPLR 2221 (d), for an Order granting the Defendant leave to reargue the Defendant's prior motion to dismiss is hereby DENIED; and it is further
ORDERED AND ADJUDGED, that the Defendant's application, pursuant to CPLR 2221 (e), for an Order granting the Defendant leave to renew the Defendant's prior motion to [*5]dismiss is hereby GRANTED; and it is further
ORDERED AND ADJUDGED, that, upon renewal, the Defendant's application for an Order dismissing this divorce action in its entirety is hereby DENIED; and it is further
ORDERED, that any and all relief not otherwise decided or reserved herein is DENIED.
This constitutes the Decision and Order on Motion of this Court.
Dated: April 25, 2025
Bronx, New York
E N T E R :
HON. WANDA Y. NEGRON, A.J.S.C.